IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ERIC SCOTT PAULSON, | * | |
| ADC # 158614 | * | |
| Petitioner, | * | |
| v. | * | |
| | * | No. 5:16CV00316-JJV |
| WENDY KELLEY,[1] Director, | * | |
| Arkansas Department of Correction | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Eric Paulson, an inmate in the Arkansas Department of Correction (ADC). (Doc. No. 2.)

**I.    BACKGROUND**

A Logan County Circuit Court jury found Petitioner guilty of one count of rape of someone who is less than fourteen years of age and sentenced him to life imprisonment. (Doc. No. 7-2 at 64.) The victim recounted the rape at trial. When she was thirteen years old, she lived with her father. (*Id.* at 188.) Her sister, brother-in-law, and cousins lived in a trailer in her father's yard. (*Id.* at 193.) One night when her father was out of town, working as an over-the-road trucker, and her sister was working late, her brother-in-law told her she should stay the night at the trailer so she would not be alone. (*Id*. at 189.) She fell asleep on the couch, " and the TV was on and while [Mr. Paulson] was on his laptop doing whatever. And, he had went to bed, and I was on the couch." (*Id.*) She testified, "Well, I had woke up with his arm on my shoulder and his other arm in-between my legs on my thighs. He – then he continued to pull my shorts down, as I had asked him to stop, because it was

---

[1] Pursuant to Rule 2 of the Rules Governing Section 2254 Cases, the respondent should be named as the state officer who has custody of the Petitioner. Therefore, Wendy Kelley, the Director of the Arkansas Department of Correction, is the appropriately named respondent.

wrong. I didn't like him like that. It was – there was no relationship; he's married to my sister. And then he put his penis in my vagina, and continued to rape me, and I had asked him repeatedly to stop." (*Id.* at 189-90.)

When Mr. Paulson was finished, the victim "took off to [her] house. Didn't even grab the pants that [she] was there to get.[2] And went to [her] house, locked the door, and went to the bathroom, that had hurt, and went in and like cried in [her] bed for the rest of the night." (*Id.* at 193.)

After the conviction, Mr. Paulson appealed to the Arkansas Supreme Court, arguing the trial court erred when it denied a motion for mistrial during *voir dire*. *Paulson v. State*, 2015 Ark. 345 (2015). The Arkansas Supreme Court affirmed the conviction and sentence. *Id.* On October 15, 2016, Mr. Paulson filed the current Petition arguing he was denied due process under the Fifth Amendment because the prosecutor made statements about his right to not testify at trial during *voir dire*. (Doc. No. 2.) The Respondent contends that, because the Arkansas Supreme Court adjudicated Mr. Paulson's claims on the merits, the state court's decision should be given deference. For the following reasons, I agree.

**II.   ANALYSIS**

Mr. Paulson's sole argument in his Petition is that his Fifth Amendment right was violated when the prosecutor asked hypothetical questions during *voir dire*. (Doc. 2 at 5-6.) He believes "[b]ecause the [Petitioner] did not succumb to the prosecutor's pre-evidentiary coercion by testifying . . . the jury found [him] guilty and sentenced him to life in prison." (Doc. No. 2 at 6.)

The Arkansas Supreme Court adjudicated this claim on the merits, so under the Antiterrorism

---

[2]The victim testified she had initially gone to Mr. Paulson's trailer to borrow pants from her niece who was about the same size. (Doc. No. 7-2 at 189.)

and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). Federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here.

At trial, Mr. Paulson's attorney asked for a mistrial after the prosecutor asked the following questions during *voir dire*:

3

> Question: "Would any of you automatically believe the testimony of an adult over a child?
>
> Question: "If a child testified they were sexually abused, and an adult said, 'No, I didn't do it,' would you automatically believe that since the adult said he didn't do it, that created reasonable doubt?"

(Doc. No. 7-2 at132.)

The trial court denied the motion for mistrial, and the prosecutor attempted to rephrase the question. The defense renewed its motion, and the trial court denied the request again but cautioned the prosecutor to stay away from the subject. *Paulson*, 2015 Ark. 345 at *2.

In the opinion affirming the conviction, the Arkansas Supreme Court reasoned:

> It was conceivable that part of appellant's defense at trial was going to be that the victim was not being truthful in her allegation that a sexual assault had occurred, and the prosecutor was attempting to determine whether any members of the panel would be predisposed to credit a denial by an adult over an allegation by a child. In making the disputed statements, the prosecutor was placing a hypothetical situation before the panel, and never mentioned the issue of appellant testifying at trial. The prosecutor never referenced appellant by name or as "the defendant." Indeed, the only attorney who mentioned testimony by appellant was appellant's counsel, who stated on two separate occasions during voir dire that appellant was not required to testify in his defense and that the State had the burden of proof with regard to whether appellant committed the offense charged.

*Id.* at *2-3.

They added, "The issue of whether appellant would testify was not referenced by the prosecutor during voir dire. Nor could the statement be reasonably considered to have created in the minds of the jury an expectation that appellant would testify." *Id.* at *3-4.

As stated above, I could only grant Mr. Paulson relief if the Arkansas Supreme Court's ruling was contrary to or based on an unreasonable application of federal law. After careful review, I find the Arkansas Supreme Court's findings did not entail an unreasonable application of federal law on

4

any point. The questions were posed during voir dire and did not comment on any evidence or whether or not Petitioner testified. While the objection by defense counsel was likely proper, it is too far a stretch to believe these hypothetical questions during *voir dire* violated Mr. Paulson's constitutional rights. Therefore, this Petition should be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Paulson has failed to make a substantial showing that his constitutional rights were violated. Therefore, a certificate of appealability will not be issued.

### IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Paulson's cause of action is DISMISSED, and the requested relief is denied. A certificate of appealability is denied.

SO ORDERED this 5th day of December 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE